JOHN DOE, *ex dem.* JAMES FORBES, Appellee,

*against*

PHILIP SMITH and SOLOMON BARNUM, Tenants, Appellants.

Decision under the act establishing the division of lands in the town of *Shoreham.*

EJECTMENT. This was an action of ejectment brought to recover the possession of Lot No. 31, in the third division of lots in *Shoreham,* laid to the original right of *James Forbes,* junior. Common rule entered. Lease, entry, and *ouster* confessed, and the cause put to the country on the trial of the title under the general issue.

*S. Storrs,* for the plaintiff, in support of the title of the lessor of the plaintiff, read the charter of *Shoreham,* dated 9th *October,* 1761, by which it appeared, that *James Forbes,* junior, was indorsed as original grantee.

2dly. A deed executed by *James Forbes,* junior, to *Isaac Leach,* conveying the premises in fee, dated 12th *October,* 1761.

3dly. A deed from *Isaac Leach* to the lessor of the plaintiff, dated *May* 23d, 1787.

He then moved to introduce certain records of the proprietors of *Shoreham*, to shew that the land described in the declaration was severed to *James Leach*, junior. He stated, that the doings of the proprietors, as exhibited by their records, were not in pursuance of the then existing statutes. To remedy this defect, he moved to read the following act, and to introduce the defective records under the provisions of it:

Doe
v.
Smith and
Barnum.

Passed *Nov.* 7, A. D. 1800.

" An act establishing the division of lands in the town of *Shoreham*.

" Whereas the proprietors of the town of *Shoreham* have formerly, in proprietors' meetings, voted several divisions of the lands in said town into severalty, and the proprietors and land-owners in said town have made large improvements under said divisions, and do now hold all their lands and improvements by virtue of the same; and whereas, through some inaccuracies in the proceedings in making said divisions, or in the proprietors' Clerk in making records of the same, disputes *may arise* respecting the illegality of the divisions pitched and laid out in said town:

" Therefore it is hereby enacted, &c. that the several divisions of land in said town, whether laid by draft or pitches, or in any other manner heretofore agreed upon and pursued by the proprietors in their meetings, shall be considered good and valid in law. *Any person or persons concerned in the trial for any lands in said town, are hereby empowered* to give the records of the divisions of said lands in evidence, the same as though they had been made in a legal manner, any law, usage, or custom to the contrary notwithstanding."

*Daniel Chipman*, for appellants, objected to this act going in support of the defective records on two grounds:

First. That the act was in itself unconstitutional, and therefore void; being manifestly repugnant to that restrictive clause in the constitution which declares, that the General Assembly shall pass no laws which shall have a retrospective view.

Secondly. That it is incumbent in the plaintiff to make out a good title in his lessor at the time of the commencement of his suit. It appears by the files, that the present action was instituted at the *September* term of the County Court, 1793; that this act having passed since, if it has any operation upon this suit, it must be retroactive, confirming a title which was defective at the time of the institution of the suit.

*S. Miller*, for the appellee, insisted, that the act was constitutional; that almost every legislative act might in one view be considered as retrospective, as almost every act operated more or less upon past contracts and proceedings. He instanced the act for quieting possessions, commonly called the quieting act. This act had passed some years since, had been generally acquiesced in by the people, sanctioned by the decisions of the State Courts, and of those of the *United States*, and had not been censured as unconstitutional by several councils of censors; and yet that act was flagrantly retrospective, doing away trespasses on the freehold, and giving the trespassers a right; that this present act may be compared to a statute declaring the mode of taking testimony after

the commencement of an action. This would be in one view retrospective, but surely not repugnant to the constitution. As to the inapplicability of the act to the present cause, he observed, that the situation of the landholders in the town of *Shoreham* called loudly for legislative interference; that the appellants, being strangers, ought to be estopped from disputing the proceedings of the proprietors to obtain the peaceable enjoyment and possession of their own lands; that the dispute in this as in every other cause which hath or may arise on these defective records, must be considered as existing from the origin of these records; and if the act cannot in this case confirm the records so far as to authorise us to read them in evidence, it cannot, in any action hereafter to be commenced; and so the act cannot have operation, which would be an absurd and inadmissible construction.

Chief Judge. It is contended by the appellant's counsel, that this act is unconstitutional. The Court have had several acts of this kind under consideration, and have ever considered them constitutional.

It is further contended, that the act does not reach the present case. It appears, that the proprietors of the town of *Shoreham* made certain divisions of their lands, in which, for a length of time, and indeed to the present day, they have acquiesced; but they found, by after inspection, that the records of their proceedings were not pursuant to the existing statutes, uniformly agreeing in the propriety, although not in the legality of such divisions; they sought legislative aid, and this act was passed. The act is remedial, and ought so to be construed as to give the

Doe
v.
Smith and
Barnum.

remedy intended. The act does not declare that the records may be given in evidence in any action *" hereafter"* to be commenced, although the preamble of the act mentions any disputes which *may arise,* yet the enacting clause manifestly contemplates actions *" pending,"* *" any persons concerned in the trial of any lands,"* &c.

Let the act and the records of the proprietors be read to the Jury.

HALL and SMITH, Judges, concurred.

Verdict for plaintiff.

*S. Miller,* for appellee.
*Daniel Chipman,* for appellants.